IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3014 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| LaANTHONY CLETAE CAIN, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has filed a "motion for leave to file amended motion pursuant to 28 U.S.C. § 2255" (filing 72). This motion, which was received and filed on November 28, 2008, apparently pertains to a subsequently filed § 2255 motion that was received by the court in a separate mailing on December 1, 2008 (filing 73).[1] The defendant does not state in what manner he intends to amend the § 2255 motion,[2] but merely states that he "anticipates that he will have the opportunity to conclude review of the files and records within the next 30 days . . . [and] will promptly prepare and file an amended motion pursuant to 28 U.S.C. § 2255 which will include relevant facts material to the claims for relief." (Filing 72, p. 2, ¶ 3.) The motion requests that

---

[1] Because the § 2255 motion (filing 73) was not received until later, the motion for leave to amend (filing 72) was docketed by the clerk of the court as a motion for extension of time. Even if I were to construe filing 72 as a motion for extension of time, it would be denied. See Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001) (a district court may grant an extension of time to file a motion pursuant to § 2255 only if (1) the moving party requests the extension upon or after filing an actual § 2255 motion, and (2) "rare and exceptional" circumstances warrant equitably tolling the limitations period).

[2] The defendant indicates that he does not intend to raise any new claims, but that he only wants permission to file an amended § 2255 motion "which 'clarifies' the legal and factual basis for the [15] claims already pleaded[.]" (Filing 72, p. 1, n. 1.)

the defendant be granted leave to amend the § 2255 motion "within a reasonable time" and that the § 2255 motion "be held in abeyance pending . . . amendment[.]" (Filing 72, p. 2, ¶¶ 6A, 6B.)

The court declines to grant the defendant open-ended permission to file an amended § 2255 motion. It will only consider a motion for leave to amend that specifically identifies the proposed amendments. *See* Nebraska Civil Rule 15.1(a) ("A party who moves for leave to amend a pleading . . . shall file as an attachment to the motion an unsigned copy of the proposed amended pleading. Except as provided in these rules or by leave of court, the proposed amended pleading must be a complete pleading which, if allowed to be filed, supersedes the pleading amended in all respects; no portion of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend shall set forth specifically the amendments proposed to be made to the original pleading, state whether the motion is unopposed, and identify the amendments in the proposed amended pleading.").

The defendant's motion for leave to amend therefore will be denied without prejudice to the filing of a motion that complies with our local rules. However, the court will <u>not</u> delay its initial review of the defendant's § 2255 motion in anticipation of the filing of another motion for leave to amend.[3]

---

[3] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

IT IS ORDERED that Defendant's motion for leave to amend (filing 72) is denied without prejudice.

December 2, 2008. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge