IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3014 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| LAANTHONY CLETAE CAIN, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant, LaAnthony Cletae Cain (Cain), has filed a motion for certificate of appealability (filing 121) concerning my order of January 8, 2010 (filing 117), denying a Rule 60(b) motion for relief from judgment (filing 116). The Rule 60(b) motion, which was deposited in the prison mailbox system on December 29, 2009, pertained to a judgment entered almost 1 year before, on December 30, 2008 (filing 76). The judgment denied a motion to vacate, set aside, or correct Cain's sentence under 28 U.S.C. § 2255 (filing 73). The § 2255 motion had an effective filing date of November 26, 2008 – exactly 1 year after Cain's conviction became final.[1]

The Eighth Circuit has held that the certificate of appealability requirement applies to an appeal from the denial of a Rule 60(b) motion in a § 2255 case. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits in the course of denying a § 2255 motion,

---

[1] The judgment of conviction was entered on September 26, 2006 (filing 47). The Eighth Circuit affirmed the defendant's conviction and sentence on direct appeal on June 6, 2007 (filing 62). The Supreme Court denied certiorari on November 26, 2007 (filing 69).

"[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In contrast, when a district court denies a § 2255 motion on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Cain complains that a motion for leave to amend his § 2255 motion (filing 72) was denied. At the time Cain did not state in what manner he intended to amend the § 2255 motion, but merely requested permission to file an amended motion "which '*clarifies*' the legal and factual basis for the [15] claims already pleaded[.]"(Filing 72, p. 1, n. 1 (emphasis in original).) Cain stated he anticipated "hav[ing] the opportunity to conclude review of the files and records within the next 30 days" and indicated that upon completion of the review he would "promptly prepare and file an amended motion pursuant to 28 U.S.C. § 2255 which will include relevant facts material to the claims for relief." (Filing 72, p. 2, ¶ 3.) The motion requested that Cain be granted leave to amend the § 2255 motion "within a reasonable time" and that the § 2255 motion "be held in abeyance pending . . . amendment[.]" (Filing 72, p. 2, ¶¶ 6A, 6B.)

In a memorandum and order entered on December 2, 2008, I "decline[d] to grant the defendant open-ended permission to file an amended § 2255 motion" and stated I would "only consider a motion for leave to amend that specifically identifies the proposed amendments" as required by Nebraska Civil Rule 15.1(a). (Filing 74, p. 2.) The motion for leave to amend was "denied without prejudice to the filing of a motion that complies with our local rules," but Cain was advised that "the court will not delay its initial review of the defendant's § 2255 motion in anticipation of the filing of another motion for leave to amend." (Filing 74, p. 2 (emphasis in original).)

"I denied the motion for leave to amend, for among other reasons, because I was unwilling to assist Cain's attempt to avoid the statute of limitations by submitting a non-conforming 2255 motion while first seeking an open-ended opportunity to amend." (Filing 75, p. 8.)

No subsequent motion for leave to amend was filed before I completed my initial review of the § 2255 motion four weeks later, on December 30, 2008, and issued a memorandum and order finding that none of the defendant's claims had merit (filing 75). Cain filed a notice of appeal from the denial of the § 2255 motion (filing 82), but on March 9, 2009, I denied his motion for a certificate of appealability (filing 88). On July 7, 2009, the United States Court of Appeals for the Eighth Circuit also denied Cain a certificate and dismissed his appeal (filing 96).

A district court has broad discretion in ruling on a Rule 60(b) motion. *See Jones v. Swanson,* 512 F.3d 1045, 1048 (8th Cir. 2008). The rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Id.* (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986) (per curiam)). While claiming that the denial of the motion for leave to amend the § 2255 motion was the result of "mistake, inadvertence, surprise, or excusable neglect," *see* Fed.R.Civ.P. 60(b)(1), Cain failed to make any legitimate showing to support this claim.

Cain also has not made a substantial showing of the denial of a constitutional right in connection with the denial of the Rule 60(b) motion, the motion for leave to amend, or the underlying § 2255 motion. Therefore, a certificate of appealability will not be issued.

Cain was determined to be financially unable to obtain an adequate defense in his criminal case, and an attorney was appointed to represent him at trial. Because the appeal appears to be taken in good faith, even though a certificate of appealability

3

will not be issued, the defendant may proceed in forma pauperis on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(3).

Accordingly,

IT IS ORDERED that:

1. The defendant's motion for certificate of appealability (filing 121) is denied; a certificate of appealability will <u>not</u> issue in this case.

2. The defendant's motion for leave to proceed in forma pauperis on appeal (filing 122) is granted.

3. The clerk of the court shall transmit a copy of this memorandum and order to the United States Court of Appeals for the Eighth Circuit.

March 30, 2010.				BY THE COURT:

						*Richard G. Kopf*
						United States District Judge

4