IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3014 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| LAANTHONY CLETAE CAIN, | ) | |
| | ) | |
| Defendant. | ) | |

On December 30, 2008, the court entered a memorandum and order (filing 75) and a judgment (filing 76) denying the defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 (filing 73). On March 9, 2009, after the defendant filed a notice of appeal (filing 88), the court entered a memorandum and order (filing 88) which denied the defendant a certificate of appealability but permitted him to proceed in forma pauperis on appeal. On July 7, 2009, the Court of Appeals also denied the defendant a certificate of appealability and dismissed his appeal (filing 96). On December 29, 2009, the defendant filed a Rule 60(b) motion (filing 116). The motion was denied on January 8, 2010 (filing 117), following which the defendant filed another notice of appeal (filing 120). On March 30, 2010, the court again denied the defendant a certificate of appealability while permitting him to proceed in forma pauperis on appeal (filing 123). The Court of Appeals summarily affirmed on June 1, 2010 (filing 126).

On December 24, 2010, the defendant filed a second Rule 60(b) motion (filing 131). The motion was denied on January 6, 2011 (filing 133). On January 21, 2011, the defendant filed a Rule 59(e) motion (filing 135) to challenge the denial of the Rule 60(b) motion. The Rule 59(e) motion was denied on January 28, 2011 (filing 136). On February 25, 2011, the defendant filed a notice of appeal (filing 141)

regarding the court's orders of January 6 and January 28.[1]  The defendant also filed a motion for leave to proceed in forma pauperis on appeal (filing 142).

In his first Rule 60(b) motion, the defendant claimed that the court had erred by denying leave to amend his § 2255 motion.  As has been previously explained, the motion was denied *without prejudice* because the defendant failed to identify the proposed amendments and the court was unwilling to assist the defendant's attempt to avoid the statute of limitations by seeking an open-ended opportunity to amend. The Rule 60(b) motion was denied because the defendant failed to make an adequate showing of exceptional circumstances for granting any relief.  While claiming that the court's denial of the motion for leave to amend the § 2255 motion was the result of "mistake, inadvertence, surprise, or excusable neglect," *see* Fed.R.Civ.P. 60(b)(1), the defendant failed to make any legitimate showing to support this claim.

In his second Rule 60(b) motion, the defendant argued that the court had erred in denying his § 2255 motion by failing to give proper consideration to his Fifth and Sixth Amendment claims.  The defendant expanded upon these arguments in his Rule 59(e) motion and revisited his argument that he should have been allowed to amend the § 2255 motion.  Both filings amounted to successive motions for postconviction relief which cannot be filed without prior authorization from the Court of Appeals under 28 U.S.C. §§ 2244 and 2255(h).  *See United States v. Lambros*, 404 F.3d 1034, 1037 (8th Cir. 2005) (per curiam) (denying certificate of appealability following district court's denial of Rule 60(b) and 59(e) motions, and dismissing appeal).

---

[1] The clerk's office has issued a memo stating that the notice of appeal "appears to be untimely, but within the 30-day period for extension of time for excusable neglect or good cause per Federal Rule of Appellate Procedure 4(b)(4)." (Filing 143.) Although this is a criminal case, the Federal Rules of Civil Procedure govern § 2255 motions.  *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). The time allowed for filing a notice of appeal from a judgment or order in a civil case where the United States is a party is 60 days. *See* Fed.R.App.P. 4(a)(1)(B).

Before the defendant's appeal can proceed, a certificate of appealability must issue.  *See id.; Fed. R. App. P. 22(b)*.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court has rejected a constitutional claim on the merits in the course of denying a § 2255 motion, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c).  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In contrast, when a district court denies a § 2255 motion on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

For the reasons explained above, and in the court's previous memoranda and orders, it is apparent that the defendant "has not made a substantial showing of any error, much less constitutional error."  *Lambros*, 404 F.3d at 1037.  Consequently, a certificate of appealability will not be issued in connection with Cain's most recent notice of appeal.

Cain was determined to be financially unable to obtain an adequate defense in his criminal case, and an attorney was appointed to represent him at trial.  Because the appeal appears to be taken in good faith, even though a certificate of appealability will not be issued, the defendant may proceed in forma pauperis on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(3).

Accordingly,

3

IT IS ORDERED:

1.    In response to the clerk's memo (filing 143), because the defendant's notice of appeal (filing 141) appears timely, no "excusable neglect" ruling will be made.

2.    A certificate of appealability will not issue in this § 2255 proceeding.

3.    The defendant's motion for leave to proceed in forma pauperis on appeal (filing 142) is granted.

4.    The clerk of the court shall transmit a copy of this memorandum and order to the United States Court of Appeals for the Eighth Circuit.

March 7, 2011.                                      BY THE COURT:

                                                    *Richard G. Kopf*
                                                    United States District Judge